IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bright Head, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24 C 13410 |
| | ) | |
| | ) | |
| The Individuals, | ) | |
| Corporations, Limited | ) | |
| Liability Companies, | ) | |
| Partnerships, and | ) | |
| Unincorporated Associations | ) | |
| Identified in Schedule A | ) | |
| | ) | |
| Defendants. | | |

Order

The complaint in this case asserts, against six entities identified on "Schedule A," claims of patent infringement in violation of 35 U.S.C. § 271, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff's patent infringement claim involves U.S. Patent No. 10,928,052 (the "'052 Patent"), which concerns a headlamp controlled by a motion sensor. Plaintiff, which markets a product that embodies the invention claimed in the '052 Patent, claims that defendants market and sell counterfeit infringing products through fully interactive e-commerce stores on various online marketplaces.

Defendants Yuyao Jixing Tool Co., Ltd (WopkDupk) (Def. No. 1), Shenzhen Sibaite Trading Co., Ltd. (Ezolife) (Def. No. 3), and Nanjing Ruichuang Robot Company Limited (HyperDolphin Direct) (Def. No. 5) are the only defendants who have appeared in the action, and only defendants 1 and 5 have answered the complaint. On March 28, 2025, I entered an ex parte temporary restraining order ("TRO"), which prohibited defendants from selling their allegedly infringing products and froze their assets located in various e-commerce business accounts, ECF 22, and I later extended the TRO on plaintiff's ex parte motion, ECF 27. Plaintiff has filed a motion for preliminary injunction against all defendants, to which defendants 1 and 5 have responded in opposition. The motion is denied for the reasons discussed below, but I first address a threshold issue involving the joinder of multiple defendants in a single action.

"It has become commonplace in this district for holders of trademark and trade dress rights to file suits naming dozens, or even hundreds of claimed infringers and counterfeiters, alleging that they are selling knock-off products via the Internet. *Patent Holder Identified in Exhibit 1 v. Does 1-254*, 2021 WL 410661, at *1 (N.D. Ill. Feb. 6, 2021). In *Patent Holder*, Judge Kennelly summarized the usual trajectory of such cases:

> [T]he plaintiff typically requests permission to file "Schedule A" and other information that would identify the sellers under seal, to avoid tipping off the defendants that a lawsuit has been filed. Public identification of

2

> the defendants, the plaintiff contends, would lead them to hide or transfer ill-gotten gains and destroy relevant evidence.
>
> Once the lawsuit is filed, the plaintiff typically moves *ex parte* for entry of a temporary restraining order that, among other things, bars further infringing sales and freezes any assets held in the defendants' PayPal or similar accounts. The plaintiff also typically moves for permission to serve the defendants with summons via e-mail, as their addresses are unknown and often hidden, and they are typically based overseas.
>
> Once the court enters a TRO, the plaintiff serves it along with the complaint on the defendants via e-mail; serves PayPal and other similar entities with the TRO to freeze the defendants' assets; and takes other steps to effectuate the TRO's terms. Due to the limited duration of a TRO, the plaintiff then seeks entry of a preliminary injunction with similar terms that will carry through to the conclusion of the case.

*Id*. That sums up the basic arc of this action to date. But this case, like *Patent Holder*, departs from the typical Schedule A case in that it asserts patent infringement (and associated unfair competition), not trademark infringement. Accordingly, joinder is governed not by Fed. R. Civ. P. 20 but by the America Invents Act ("AIA"), which "imposes a higher standard for joinder in patent cases." *Shenzhen Jisu Tech. Co. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unidentified Assocs. Identified on Schedule A*, No. 24 C 4134, 2025 WL 972866, at *2 (N.D. Ill. Apr. 1, 2025) (cleaned up).[1]

---

[1] For ease of exposition, and in accordance with an expanding practice in this district, I use "(cleaned up)" to indicate that internal quotation marks, alterations, and citations have been omitted from

3

Under the AIA, accused infringers may be joined in one action only if—

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a). Here, while the complaint alleges that defendants "are working in active concert" to sell infringing products "in the same transaction, occurrence, or series of transactions or occurrences," these allegations are pled on information and belief, apparently based on plaintiff's observation that defendants' online marketplace listings use "templates with common design elements" and "include other common features, such as registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images." Compl. ECF 1 at ¶ 21. But as other courts have observed, these similarities "do[] not establish that Defendants are the same or are working together." *Pathway IP LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerhips, & Unincorporated Associations*

---

quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

4

*Identified on Attached Schedule* A, No. 24-CV-5218, 2025 WL 815648, at *4 (N.D. Ill. Mar. 13, 2025) (citing *Bailie v. Partnerships and Unincorporated Associations,* 2024 WL 2209698 at *5 (N.D. Ill. May 15, 2024) ("[E]ven if defendants' webpages were all identical, joinder is improper because use of identical web pages would not overcome the likelihood that Defendants are just copycats, both of the [plaintiff's] style and of each other.")) (alterations in *Pathway IP*). Accordingly, because the complaint does not satisfy the AIA joinder standard, I exercise my discretion under Fed. R. Civ. P. 21 to dismiss the non-appearing defendants *sua sponte* without prejudice. *See Pathway IP* 2025 WL 815648, at *5; *Shenzhen Jisu Tech. Co. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unidentified Assocs. Identified on Schedule A*, 2024 WL 4834911, at *3 (N.D. Ill. Nov. 20, 2024). *See also Viking Arm AS v. Schedule A Defs.*, No. 24-cv-1566, 2024 WL 2953105, at *1 (N.D. Ill. June 6, 2024) ("*Sua sponte* review of the propriety of joinder in Schedule A cases is a regular practice in this district.").[2]

I now turn to plaintiff's motion for a preliminary injunction, to which I apply Seventh Circuit law except with respect to issues specific to patent law, which are governed by the law of the Federal Circuit. *BlephEx, LLC v. Myco Indus.*, 24 F.4th 1391, 1400 (Fed. Cir. 2022). "A preliminary injunction is an extraordinary remedy never

---

[2] From this point forward, references to "defendants" refers only to the three defendants that have appeared in the case.

awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff must establish: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th 934, 941 (Fed. Cir. 2022). In all events, the movant must satisfy "*both* of the first two factors," for a preliminary injunction to issue. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (original emphasis). If plaintiff fails on either of these fronts, no further analysis is required. *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994).

Plaintiff's opening brief leans heavily on the fact that I previously granted a TRO, observing that courts in this district have held that the standard for a preliminary injunction is the same. Setting aside that none of plaintiff's cited cases involves patent infringement or applies Federal Circuit law, the TRO was entered *ex parte*, without the benefit of adversarial presentation. Having now considered defendants' response, which asserts both non-infringement and invalidity, I conclude that preliminary relief is unwarranted.

What is claimed in Claim 1 of the '052 Patent is:

1. A headlamp system comprising:
   a first housing including a headwear fastener;
   an energy storage affixed to the housing;
   a headlamp connected to the housing, electrically

>    connected to the energy storage, and oriented to
>    illuminate a workspace; and
>    a controller connected to the housing, electrically
>    connected to the energy storage, and connected to
>    the headlamp; and
>    a second housing including a motion sensor
>    connected to the controller.

'052 Patent, ECF 5-2.

"To establish a likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability." *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017). "The burden is always on the movant to show that it is likely to succeed on the merits." *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1398 (Fed. Cir. 2022).

"To prove direct infringement the patentee must show that the accused device contains *each and every limitation of the asserted claim*s." *SIMO Holdings, Inc. v. H.K. uCloudlink Network Tech., Ltd.*, 983 F.3d 1367, 1380 (Fed. Cir. 2021) (citation omitted) (emphasis in original). As plaintiff acknowledges, the infringement inquiry "involves two steps: (1) 'the court determines the scope and meaning of the asserted claims'; and (2) 'the properly construed claims are compared to the allegedly infringing device.'" *Edge Sys. LLC v. Aguila*, 635 F. App'x 897, 902 (Fed. Cir. 2015) (quoting *Mas–Hamilton Grp. v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998). But plaintiff's motion does not meaningfully engage with this inquiry.

7

Although the analysis "generally requires a court to determine the scope and meaning of the claims asserted and then compare the properly construed claims to the allegedly infringing device," *Mobile Motherboard Inc. v. AIOEXPC*, No. 24 CV 8703, 2025 WL 1505399, at *2 (N.D. Ill. May 27, 2025), plaintiff offers only a cursory claim chart that does not, without more, suggest that infringement is more likely than not. *See Trebro Mfg., Inc. v. Firefly Equip*., LLC, 748 F.3d 1159, 1166 (Fed. Cir. 2014) (patentee seeking preliminary injunction must show infringement is "more likely than not.").

Defendants argue that the accused products do not satisfy the limitation of Claim 1 requiring "an energy storage <u>affixed to</u> the housing." Defendants observe that the claim recites both the limitation "affixed to" and the limitation "connected to," and argue that under claim construction principles, these limitations must have distinct meanings, yet the images plaintiff offers of the accused products show that their "energy storage," i.e., their battery, is merely "connected to" the housing. Without any evidence as to how a person of ordinary skill in the art would interpret these terms in the context of the asserted patent, *see Phillips v. AWH Corp*., 415 F.3d 1303, 1313 (Fed. Cir. 2005) ("the ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the

8

time of the invention"), I am not persuaded that plaintiff will more likely than not succeed on its infringement claim.[3]

Nor has plaintiff carried its burden of establishing a likelihood of irreparable harm absent preliminary relief. "A party seeking a preliminary injunction must establish that it is *likely* to suffer irreparable harm without an injunction.... The mere possibility or speculation of harm is insufficient." *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, 39 F.4th 1377, 1380 (Fed. Cir. 2022) (affirming denial of preliminary injunction where patentee "did not present any evidence that it lost customers, had customers delay purchases, or struggled to acquire new business"). Here, plaintiff relies on verified allegations of its complaint such as those asserting generally that it has suffered, and will continue to suffer, such harms as loss of goodwill, loss of market share, erosion of its patent rights, and loss of access to potential customers. *See*, e.g., Compl., ECF 5 at ¶ 25. Plaintiff observes correctly that the Federal Circuit has recognized in cases such as *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1154 (Fed. Cir. 2011), and *Canon, Inc. v. GCC Int'l, Ltd.*, 263 F. App'x 57, 62 (Fed. Cir. 2008), that damages may be insufficient to remedy these *types* of harms. But that does not relieve plaintiffs of their evidentiary

---

[3] I express no view on defendants' invalidity arguments, as other issues are dispositive of the pending motion.

burden to demonstrate—not merely to assert—that they have, or will likely suffer, such harms absent an injunction.

Indeed, in *Bosch*, which involved a permanent injunction, the plaintiff had presented "unrebutted evidence of loss of market share and access to potential customers, as well as [the defendant's] inability to satisfy a judgment," while in *Canon*, the lower court concluded based on undisputed witness testimony that "money damages would not be an adequate remedy because of facts specific to these defendants." *Canon Inc. v. GCC Int'l Ltd.*, 450 F. Supp. 2d 243, 255 (S.D.N.Y. 2006), aff'd, 263 F. App'x 57 (Fed. Cir. 2008). That the complaint in this case is "verified" does not transform its general allegations of harm into the kind of evidence that warrants preliminary relief. *See*, e.g., *Mobile Motherboard* 2025 WL 1505399, at *4 ("bare assertions of harm" in affidavit are insufficient to establish that patentee's "goodwill and reputation have been harmed by the defendant's alleged infringement").

For the foregoing reasons, the motion for preliminary injunction is denied.

ENTER ORDER:

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: July 25, 2025

10